

Nixon Peabody LLP
677 Broadway, 10th Floor
Albany, NY  12207-2996

**Attorneys at Law**
nixonpeabody.com
@NixonPeabodyLLP

**Vincent E. Polsinelli**
Counsel

T / 518.427.2743
F / 833.755.3041
vpolsinelli@nixonpeabody.com

September 29, 2023


**VIA ECF**

Hon. Allyne R. Ross, District Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**RE:**   *Marty-Hernandez v. Smile New York Outreach, LLC et al.*  **(Case No. 23-cv-04637)**
      **Request for Pre-Motion Conference**

Dear Judge Ross:

Our firm represents Defendants Smile New York Outreach, LLC, and Dr. Eric Lazar (collectively referred to herein as "Defendants") in the above-referenced action.  We submit this letter, pursuant to Rule III(A) of the Court's Individual Practices and Rules, requesting a pre-motion conference during which we will further explain the reasons why Defendants seek leave to file a motion to dismiss Plaintiff's Complaint (the "Complaint"), in its entirety, as against each of them.[1]  The anticipated motion is based on the grounds that neither Smile New York Outreach, LLC (hereafter, "Smile NY Outreach") nor Dr. Lazar is a proper party to this wage and hour action because they were not (and are not) Plaintiff's employer.

First, the Complaint should be dismissed in full against corporate defendant Smile NY Outreach because that entity did not employ either the Plaintiff or the purported individual defendant, Dr. Lazar.  In fact, as Defendants have previously advised Plaintiff, both she and Dr. Lazar were employees of a different corporate entity altogether—namely, Big Smiles Dental New York, PLLC (referred to herein as "Big Smiles NY").  Indeed, in an attempt to avoid motion practice and preserve judicial resources, on August 30, 2023, Defendants wrote to Plaintiff and provided her with documentary evidence demonstrating that both Plaintiff and Dr. Lazar were employed by Big Smiles NY (and not Smile NY Outreach). But Plaintiff never responded to this communication, despite multiple follow-up attempts by Defendants.

Second, the Complaint fails to plausibly allege that Dr. Lazar was Plaintiff's employer under the FLSA or the NYLL.  In this regard, the Complaint does nothing more than recite the elements of

---

[1] Defendants do not concede that any of the causes of action not directly addressed herein has merit and reserve the right to answer, move, or other respond to those allegations at the appropriate time.

**Attorneys at Law**
nixonpeabody.com
@NixonPeabodyLLP

Hon. Allyne R. Ross, District Judge
September 29, 2023
Page 2

the familiar economic realities test in a conclusory manner.  *See* Dkt. 1, ¶¶ 23-25.[2]  Courts in this circuit, including this district, have held that "'mere boilerplate allegations that an individual meets the various prongs of the economic reality test' are insufficient to survive a motion to dismiss."  *Sampson v. MediSys Health Network, Inc.*, 2012 WL 3027850, at *15-16 (E.D.N.Y. Feb. 9, 2012) *adopted as modified by* 2012 WL 3027838 (*quoting Diaz v. Consortium for Worker Educ., Inc.*, 2010 WL 3910280, at *11 (S.D.N.Y. Sept. 28, 2010)); *see also Bravo v. Established Burger One, LLC*, 2013 WL 5549495, at *7 (S.D.N.Y. Oct. 8, 2013).

For example, Plaintiff's Complaint contains the conclusory and self-serving allegation that Dr. Lazar supposedly "possesses or possessed operational control over the Corporate Defendants [including Smile NY Outreach], or controlled significant functions of the Corporate Defendants." *See* Dkt. 1, ¶ 24.  Such a boilerplate allegation is plainly insufficient on its face to support "employer" status.  Moreover, Dr. Lazar was not even employed by Smile NY Outreach (nor does he have any other position or title with that entity), and there is no basis whatsoever to suggest that he had any type of operational control over the other corporate defendant in this action, Dynamic HR Services LLC.

Again, as noted above, Defendants raised these issues with Plaintiff in a written communication, dated August 30, 2023, which stated:

> As discussed, we write to provide you with additional information in support of our position that neither Dr. Lazar nor Smile New York Outreach, LLC ("Smile NY Outreach") is a proper defendant in the above-referenced action.  As I explained during our most recent discussion, Dr. Lazar is not an owner (or even an employee) of Smile NY Outreach.  Instead, he is simply an employee (but has no ownership interest and is not an officer or member) of Big Smiles Dental New York, PLLC ("Big Smiles NY").  In this regard, attached hereto is a copy of the signature page of Dr. Lazar's employment agreement with Big Smiles NY.
>
> Similarly, as with Dr. Lazar, your client, Ms. Marty-Hernandez, is also employed by Big Smiles NY (and not Smile NY Outreach).  As confirmation, attached is a personnel record signed by Ms. Marty-Hernandez stating that she is, in fact, employed by Big Smiles NY.
>
> We believe that this information demonstrates that neither of our clients is or was Ms. Marty-Hernandez's "employer" for purposes of this action and, therefore, neither is a proper defendant.  Accordingly, we request that you agree to voluntarily dismiss the action as against both Dr. Lazar and Smile Outreach NY.  In the absence of such an agreement, we intend to move for their dismissal and will likely seek to recover the fees and costs incurred in making such a motion.

---

[2] Plaintiff's Complaint likewise contains similar conclusory allegations regarding Smile NY Outreach, which constitute mere thread-bare assertions designed to satisfy the economic realities test.  *See* Dkt. 1, ¶¶ 13-15.  Thus, the Complaint fails to state a claim against Smile NY Outreach for this reason as well.

**Attorneys at Law**
nixonpeabody.com
@NixonPeabodyLLP

Hon. Allyne R. Ross, District Judge
September 29, 2023
Page 3


> Please feel free to contact me directly to discuss this issue once you have had the opportunity to review this message and its attachments.

But, again, Plaintiff did not respond to either this communication or multiple later attempts by Defendants to prompt a response.  Accordingly, Defendants respectfully request a pre-motion conference with the Court to address these issues.  Should the Court grant this request and should Defendants be required to file a motion to obtain the ultimate relief requested, Defendants further request permission to seek recovery of the attorneys' fees and costs associated with making such a motion, which could be avoided here if Plaintiff simply agreed to name the proper party.[3]

Thank you for your time and consideration.

Respectfully submitted,

Vincent E. Polsinelli
*Counsel*

---

[3] Of course, in raising these threshold issues, Defendants do not concede in any way that Plaintiff has a viable claim against any other entity or individual should they be named in this action.