**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X
Naisha Marty-Hernandez, *on behalf of herself and others similarly situated in the proposed FLSA Collective Action,*

                              *Plaintiff*,

     - against -

Smile New York Outreach, LLC, Big Smiles Dental New York, PLLC, Dynamic HR Services LLC, and Erik Lazar,

                              *Defendants*.
---------------------------------------------------------------X

Case No.: 23-cv-04637

**Jury Trial Demanded**

**FIRST AMENDED COMPLAINT**

      Plaintiff Naisha Marty-Hernandez ("Plaintiff" or "Marty-Hernandez"), on behalf of herself and others similarly situated, by and through the undersigned attorneys, Levin-Epstein & Associates, P.C., upon personal knowledge as to herself and upon information and belief as to others, brings this first amended complaint against Defendant Smile New York Outreach, LLC, Big Smiles Dental New York, PLLC, Dynamic HR Services LLC (collectively, the "Corporate Defendants") and Erik Lazar (the "Individual Defendant", and together with the Corporate Defendants, the "Defendants"), and states as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this lawsuit seeking recovery, for herself and all other similarly situated individuals, against Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and violations of Articles 6 and 19 of the New York State Labor Law ("NYLL") and their supporting New York State Department of Labor regulations.

2. Plaintiff seeks injunctive and declaratory relief and to recover unpaid overtime wages, liquidated and statutory damages, pre- and post-judgment interest, and attorneys' fees and

1

costs pursuant to the FLSA, NYLL, and the NYLL's Wage Theft Prevention Act ("WTPA").

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331 and 28 U.S.C. § 1337, and has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367(a).

4. This Court has federal question jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the FLSA.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c), because all events relevant to this action occurred in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

**PLAINTIFF NAISHA MARTY-HERNANDEZ**

6. Plaintiff Marty-Hernandez was employed as a team lead and dental assistant at Defendants' school-based, mobile dental services provider known as "Smile New York Outreach" from on or around February 2018 to, through and including, the present date.

7. Plaintiff Marty-Hernandez was employed as a non-managerial employee at Smile New York Outreach from on or around February 2018 to, through and including, the present date.

8. At all relevant times, Plaintiff has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

9. At all relevant times, Plaintiff has been a manual worker within the meaning of NYLL § 191(1)(a).

**DEFENDANT SMILE NEW YORK OUTREACH, LLC**

10. Upon information and belief, Defendant Smile New York Outreach, LLC is a

2

domestic limited liability company organized and existing under the laws of the State of New York. Upon information and belief, it maintains a principal place of business at 3201 University Dr., 4th Floor, Auburn Hills, MI 48326.

11. At all times relevant to this Complaint, Defendant Smile New York Outreach, LLC: (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

12. At all times relevant to this Complaint, Defendant Smile New York Outreach, LLC was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiff.

13. At all times relevant to this Complaint, Defendant Smile New York Outreach, LLC was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiff.

14. Defendant Smile New York Outreach, LLC possessed substantial control over Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

15. Defendant Smile New York Outreach, LLC had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

**BIG SMILES DENTAL NEW YORK, PLLC**

16. Upon information and belief, Defendant Big Smiles New York, PLLC is a

3

domestic professional service limited liability company organized and existing under the laws of the State of New York. Upon information and belief, it maintains a principal place of business at 3201 University Dr., 4th Floor, Auburn Hills, MI 48326.

17. At all times relevant to this Complaint, Defendant Big Smiles New York, PLLC: (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

18. At all times relevant to this Complaint, Defendant Big Smiles New York, PLLC was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiff.

19. At all times relevant to this Complaint, Defendant Big Smiles New York, PLLC was and is an employer within the meaning of the 29 U.S.C. 201 *et seq*. and NYLL Section 190(3), and employed employees, including Plaintiff.

20. Defendant Big Smiles New York, PLLC possessed substantial control over Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

21. Defendant Big Smiles New York, PLLC had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

**DEFENDANT DYNAMIC HR SERVICES LLC**

22. Upon information and belief, Defendant Dynamic HR Services LLC is a foreign

limited liability company organized and existing under the laws of the State of Michigan. Upon information and belief, it maintains a principal place of business at 3201 University Dr., 4th Floor, Auburn Hills, MI 48326.

23. At all times relevant to this Complaint, Defendant Dynamic HR Services LLC: (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

24. At all times relevant to this Complaint, Defendant Dynamic HR Services LLC was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiff.

25. At all times relevant to this Complaint, Defendant Dynamic HR Services LLC was and is an employer within the meaning of the 29 U.S.C. 201 *et seq*. and NYLL Section 190(3), and employed employees, including Plaintiff.

26. Defendant Dynamic HR Services LLC possessed substantial control over Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

27. Defendant Dynamic HR Services LLC had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

**DEFENDANT ERIK LAZAR**

28. Defendant Erik Lazar is an individual engaging (or who was engaged) in business

5

within this judicial district during the relevant time period.

29. Defendant Erik Lazar is sued individually and in his capacity as an owner, officer and/or agent of the Corporate Defendants.

30. Defendant Erik Lazar possesses or possessed operational control over the Corporate Defendants, or controlled significant functions of the Corporate Defendants.

31. Defendant Erik Lazar determined the wages and compensation of employees, including Plaintiff, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

32. At all times relevant to this Complaint, Defendant Erik Lazar was and is an employer within the meaning of the 29 U.S.C. 201 *et seq*. and NYLL Section 190(3), and employed employees, including Plaintiff.

**DEFENDANTS CONSTITUTE JOINT EMPLOYERS**

33. Defendants own, operate and/or control the Smile New York Outreach.

34. Smile New York Outreach is a "a school-based mobile dental practice."[1]

35. Smile New York Outreach "affiliates with new York State licensed dentists, hygienists, and dental assistant who use state-of-the-art portable equipment to provide all services online, directly in [] schools" located throughout New York City.[2]

36. "Classrooms, auditoriums or other school venues are literally transformed into fully functional dental offices for the day."[3]

37. The Individual Defendant possesses operational control over the Corporate

---

[1] *See* https://careers-smilenyoutreach.icims.com/jobs/4093/dental-assistant-team leader/job?mobile=false&width=753&height=500&bga=true&needsRedirect=false&jan1offset=-300&jun1offset=-240 (last accessed June 19, 2023).
[2] *Id*.
[3] *Id*.

6

Defendants, possesses an ownership interest in the Corporate Defendants, and controls significant functions of the Corporate Defendants.

38. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

39. Each Defendant possessed substantial control over Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

40. Defendants jointly employed Plaintiff, and all similarly situated individuals, and are Plaintiff's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 et seq. and the NYLL.

41. In the alternative, Defendants constitute a single employer of Plaintiff and/or similarly situated individuals.

42. At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and NYLL.

43. Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

**FACTUAL ALLEGATIONS**

44. Plaintiff and other similarly situated individuals are individuals who have worked for Defendants in similarly-titled, hourly paid position, during the statutory period.

45. Plaintiff and other similarly situated individuals all shared similar job titles,

7

training, job descriptions and job tasks, during the statutory period.

46. Plaintiff was an employee of Defendants.

47. Plaintiff was employed as a team lead and dental assistant at Smile New York Outreach, from on or around February 2018 to, through and including, the present date.

48. Each year of her employment, Plaintiff did not work during the Summer, *i.e.,* from approximately June 16 to, through and including September 14 (the "Summer Season").

49. Plaintiff's work duties required neither discretion nor independent judgment.

50. Plaintiff's duties and responsibilities consisted of, *inter alia*: (i) loading a work van at her home with supplies and equipment[4]; (ii) driving the work van to schools; (iii) transforming classrooms, auditoriums, or other school venues into fully functional dental offices; (iv) performing dental assistant services; (iv) driving the work van to storage units; (v) load the work van at the storage unit with more supplies and equipment, (vi) driving the work van to UPS, to send out, *inter alia*, patient charts; and (vii) driving the work van back home for the day.

51. Delivering, picking up and transporting supplies and equipment, were all integral and indispensable parts of Plaintiff's principle activities.[5]

52. At all times, Plaintiff had to drive to perform her principal delivery, pick-up and transport duties.

53. Each week, Plaintiff services approximately two (2) or three (3) schools, located throughout the New York City boroughs.

54. If Plaintiff was performing services at a non-charter school, Plaintiff would

---

[4] Including, *inter alia:* compressors, chairs, tables, cleaning equipment and cavitron machines.
[5] *See* https://careers-smilenyoutreach.icims.com/jobs/4093/dental-assistant-team-leader/job?mobile=false&width=753&height=500&bga=true&needsRedirect=false&jan1offset=-300&jun1offset=-240 (last accessed June 19, 2023) ("Dental Assistant Team Lead Qualifications:…[v]alid ID, and a willingness to travel to schools within the boroughs.")

typically finish performing dental assistant services around 2:00 p.m.

55. If Plaintiff was performing services at a charter school, Plaintiff would typically finish performing dental assistant services around 4:00 p.m.

56. However, Plaintiff was required to, and did in fact work, an additional one (1) hour each day, performing the delivery, pick-up and transport principle activities described more fully above.

57. Exclusive of the Summer Season, from approximately February 2018 to, through and including, the present date, Plaintiff worked five (5) days per week: from approximately 5:30 a.m. to 3:00 p.m. or 5:00 p.m. (*i.e.,* 9.5 to 11.5 hours per day), for a total period of approximately 47.5 to 57.5 hours during each of the weeks, respectively.

58. From approximately February 2018 to, through and including, April 2018 Defendants paid Plaintiff $21 per hour, for some, but not all, of the work she performed.

59. From approximately May 2018 to, through and including, October 2022 Defendants paid Plaintiff $27 per hour, for some, but not all, of the work she performed.

60. From approximately November 2022 to, through and including, the present date Defendants paid Plaintiff $30 per hour, for some, but not all, of the work she performed.

61. During the relevant period, Defendants paid Plaintiff once every two (2) weeks.

62. Specifically, Plaintiff was required to start work each day at 5:30 a.m., (i) loading a work van at her home with supplies and equipment[6]; and then (ii) driving the work van to schools, where she would (iii) transform classrooms, auditoriums, or other school venues into fully functional dental offices, before (iv) performing dental assistant services.

63. For example, every morning, from approximately October 2022 to, through and

---

[6] Including, *inter alia:* compressors, chairs, tables, cleaning equipment and cavitron machines.

9

including April 19, 2023, the Individual Defendant texted Plaintiff at approximately 5:00 a.m., with a list of tasks, and specific instructions on loading supplies and equipment for the workday.

64. However, Defendants refused to pay Plaintiff for *any work* performed before 7:00 a.m.[7]

65. Defendants utilize an application to manage and track the performance of their team leads and dental assistants, tasks, *to wit:* iSolve.

66. If Plaintiff ever tried to clock-in before 7:00 a.m., she was told not to, and instead, to clock-in ten (10) to fifteen (15) minutes before 7:00 a.m.

67. On multiple occasions, Brittany Sims, a manager at Smile New York Outreach, verbally told Plaintiff not to clock in more than ten (10) or fifteen (15) minutes before 7:00 a.m.

68. Moreover, Plaintiff was only compensated for some, but not all, of her principle activities after performing dental assistant services each day.

69. Specifically, Plaintiff was not compensated for any time (iv) driving the work van to storage units…(vi) driving the work van to UPS, to send out, *inter alia*, patient charts; and (vii) driving the work van back home for the day.

70. Instead, Defendants required Plaintiff to clock-in only once she arrived at the storage unit, or UPS location, and clock-out, when she left the storage unit or UPS location, for the day.

71. Plaintiff was required to work approximately 47.5 to 57.5 hours per week, but never received an overtime premium of one and one-half times her regular rate of pay for all of her hours worked.

---

[7] *See* https://careers-smilenyoutreach.icims.com/jobs/4093/dental-assistant-team leader/job?mobile=false&width=753&height=500&bga=true&needsRedirect=false&jan1offset=-300&jun1offset=-240 (last accessed June 19, 2023) ("Working a school day schedule (about 6 – 7 hours); on average between 8:00 A.M. – 3:00 P.M.")

72. Defendants' conduct extended beyond Plaintiff to all other similarly situated employees.

73. No notification, either in the form of posted notices, or other means, was ever given to Plaintiff regarding wages are required under the FLSA or NYLL.

74. Defendants did not provide Plaintiff a statement of wages, as required by NYLL 195(3).

75. Defendants did not give any notice to Plaintiff of Plaintiff's rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

76. Defendant's failure to provide accurate wage notices and accurate wage statements denied Plaintiff her statutory right to receive true and accurate information about the nature of her employment and related compensation policies.

77. Moreover, the breach of the obligations injured Plaintiff by denying her the right to know the conditions of her compensation and resulted in the underpayment of wages averred above.

## FLSA COLLECTIVE ACTION ALLEGATIONS

78. Plaintiff brings the First Claim for Relief as a collective action pursuant to FLSA §16(b), 29 U.S.C. §216(b), on behalf of all non-exempt persons (including but not limited to team leads and dental assistants) employed by Defendants on or after the date that is three years before filing of the Complaint in this case, as defined herein ("FLSA Collective Plaintiffs").

79. At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines and rules willfully failing and refusing to pay them at the legally

required wages for all hours worked. These claims of the Plaintiff are essentially the same as those of the FLSA Collective Plaintiffs.

80. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to under FLSA §16(b), 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and others related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants

81. Plaintiff reserves the right to re-define the FLSA Collective Plaintiffs prior to notice or collective certification, and thereafter, as necessary.

## FIRST CLAIM
### (FLSA – Unpaid Overtime Wages, 29 U.S.C. §§ 201 *et seq*.)

82. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

83. At all relevant times to this action, Plaintiff is a covered, non-exempt employee within the meaning of the FLSA.

84. Defendants were required to pay Plaintiff one and one-half (1 1/2) times the regular rate at which Plaintiff was employed for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq*.

85. Defendants failed to pay Plaintiff the overtime wages to which he is entitled under the FLSA.

86. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff overtime wages.

87. Due to Defendants' willful violations of the FLSA, Plaintiff, on behalf of himself and FLSA Collective Plaintiffs, is entitled to recover his unpaid overtime wages, liquidated

damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## SECOND CLAIM
### (NYLL – Unpaid Overtime Wages)

88. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

89. Plaintiff is covered, non-exempt employee within the meaning of the NYLL and supporting New York Department of Labor ("NYDOL") Regulations.

90. Under the NYLL and supporting NYDOL Regulations, Defendants are required to pay Plaintiff one and one half times the regular rate of pay, which shall not be less than the minimum wage, for all hours they worked in excess of forty.

91. Defendants failed to pay Plaintiff the overtime wages to which he is entitled under the NYLL.

92. Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff overtime wages.

93. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover his unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## THIRD CLAIM
### (NYLL WTPA– Failure to Provide Wage Notices)

94. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

95. The NYLL and the WTPA require employers to provide all employees with a written notice of wage rates at the time of hire.

96. In violation of NYLL §195 (1), Defendants failed to furnish to Plaintiff at the time of hiring, or whenever their rate(s) of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other, allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address, if different; the telephone number of the employer, and anything otherwise required by law.

97. Due to Defendants' violations of NYLL §195 (1), Plaintiff is entitled to recover his liquidated damages, reasonable attorney's fees and cost and disbursement of the action, pursuant to the NYLL §198 (1-b).

## FOURTH CLAIM
### (Violation of the Wage Statement Provisions of the NYLL)

98. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

99. With each payment of wages, Defendants failed to provide Plaintiff with a statement listing each of the following the dates of work covered by the payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; the number of regular hours worked; the number of overtime hours worked, as required by the NYLL § 195(3).

100. As a result of Defendant's violation of the WTPA, Plaintiff is entitled to damages of at least $150 per week during which the violations occurred.

## FIFTH CLAIM
### (Failure to Pay Timely Wages)

101. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

102. NYLL § 191(1)(a) prohibits employers from paying manual workers at no less than on a weekly basis.

103. As described above, throughout their employment with Defendants, Plaintiff was underpaid their wages each week.

104. As a result of Defendants' violation of NYLL § 191(1)(a), Plaintiff is entitled to recover their liquidated damages, reasonable attorney's fees and cost and disbursement of the action, pursuant to the NYLL §198 (1-a).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and FLSA Collective Plaintiffs, respectfully requests that this Court enter a judgment:

a. authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as nonexempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied minimum wages and premium overtime wages;

b. certification of this case as a collective action pursuant to the FLSA;

c. issuance of notice pursuant to 29 U.S.C. § 216(b), to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the FLSA Collective Plaintiffs;

d. declaring that Defendants violated the overtime wage provisions of the FLSA, the NYLL and the NYDOL regulations;

e. declaring that Defendants violated the notice statement pay provisions of the NYLL and WTPA;

f. declaring that Defendants violated the timely pay provisions of the NYLL and WTPA;

g. awarding Plaintiff unpaid overtime wages;

h. awarding unpaid wages under New York State law for breach of contract;

i. awarding Plaintiff liquidated damages in an amount equal to the total amount of wages found to be due;

j. awarding Plaintiff statutory damages as a result of Defendants' failure to furnish accurate wage notice pursuant to the NYLL;

k. awarding Plaintiff pre- and post-judgment interest under the NYLL;

l. awarding Plaintiff reasonable attorneys' fees and the costs and disbursements of this action under the FLSA and NYLL;

m. Such other relief as this Court deems just and proper.

Dated: New York, New York
October 18, 2023               Respectfully submitted,


                               By: /s/ Joshua Levin-Epstein
                                   Joshua Levin-Epstein
                                   Jason Mizrahi
                                   Levin-Epstein & Associates, P.C.
                                   60 East 42nd Street, Suite 4700
                                   New York, New York 10165
                                   Tel: (212) 792-0046
                                   Email: Joshua@levinepstein.com
                                   *Attorneys for the Plaintiff and proposed FLSA Collection Action Plaintiffs*